UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| **LARRY DEAN GIBBS aka LARRY DEAN GLENN,** ) ) ) | |
| Petitioner, ) ) | |
| v. ) ) | Case No. 13-CV-2111 |
| **UNITED STATES OF AMERICA,** ) ) | |
| Respondent. ) | |

## **OPINION**

On May 22, 2013, Petitioner, Larry Dean Gibbs, filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1). On May 29, 2013, the Government filed its Response to Petitioner's Motion (#3). On June 13, 2013, Petitioner filed documents (#4) which this court determined have no legal effect. The documents have no relevance to Petitioner's Motion under § 2255.

This court has carefully and thoroughly reviewed Petitioner's Motion and the Government's Response. This court agrees with the Government that Petitioner's claims are not cognizable on collateral review and must be dismissed. Also, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.

CRIMINAL CASE

On February 8, 2012, in Case No. 12-CR-20010, Petitioner was charged by indictment with two counts of filing a false federal income tax return, in violation of 26 U.S.C. § 7206. As accurately recounted by the Government in its Response (#3),

Petitioner filed documents and letters with this court during his criminal case which challenged this court's authority and attempted to claim Petitioner was an entity other than the defendant charged with the criminal offenses in the case. This court entered an Opinion on June 7, 2012, and ordered Petitioner to stop filing such documents. Petitioner continued to make similar *pro se* filings and was found in direct criminal contempt of court on August 16, 2012. Petitioner was taken into custody and, on August 30, 2012, this court revoked Petitioner's conditions of release.

Petitioner subsequently retained private counsel and, on September 19, 2012, was again released on conditions. On October 29, 2012, Petitioner entered a plea of guilty to Count 1 of the indictment, with Count 2 to be dismissed at sentencing. On May 8, 2013, this court sentenced Petitioner to a below-guidelines term of 18 months in the Federal Bureau of Prisons, to be following by a term of one year of supervised release. Petitioner was ordered to pay restitution of $66,282 and a $100 special assessment. Count 2 of the indictment was dismissed. This court advised Petitioner of his appeal rights, however, no notice of appeal was filed.

### 2255 MOTION

On May 22, 2013, Petitioner filed his pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1). Petitioner raised two grounds for relief: (1) that he should have been given credit for the time he served for contempt and for the time he was in home-confinement; and (2) "for the lack of the knowledge of the correct-language," which Petitioner explained was "for the lack of the duty by the attorneys and

of the performance of the plaintiffs of the correct-structure-parse-communication-[syntax]-grammar for the avoidance of the [perjury] is with the false and misleading stat[e]ments and for the vacation of the sentence."

On May 29, 2013, the Government filed its Response (#3).  The Government argued that Petitioner's claims are not cognizable on collateral review.  The Government argued that Petitioner's first claim is not cognizable because § 2255 is not the proper vehicle to address a claim for time served.  Regarding Petitioner's second claim, the Government argued that the claim is mostly unintelligible, but refers to incorrect language, syntax and grammar resulting in false and misleading statements.  The Government argued that this type of non-jurisdictional, non-constitutional error (if any error even exists, Petitioner provided no details regarding this claimed error) does not provide a basis for collateral attack.  The Government also argued, in the alternative, that Petitioner's claims should be denied because they are procedurally defaulted and fail on the merits.

This court notes that relief under 28 U.S.C. § 2255 is reserved for extraordinary situations.  *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996), *citing Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993).  Accordingly, a petitioner may avail himself of relief under § 2255 only if he can "demonstrate that there are flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice."  *Boyer v. United States*, 55 F.3d 296, 298 (7th Cir. 1995); *see also Hawkins v. United States*, 706 F.3d 820, 824-25 (7th Cir. 2013).  This

court agrees with the Government that Petitioner's claims are not cognizable under § 2255 and must therefore be dismissed. Petitioner's first claim must be dismissed because the Seventh Circuit has held that "[r]equests for sentence credit, or for recalculation of time yet to serve, do not come under § 2255" but "must be presented to the Attorney General (or [his] delegate, the Bureau of Prisons)." *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000). The Government is correct that Petitioner's second claim, involving alleged (unspecified) improper use of language, is not cognizable under § 2255 because it clearly is neither jurisdictional nor constitutional and does not involve a fundamental defect which results in a complete miscarriage of justice. *See Hawkins*, 706 F.3d at 825.

Because of this conclusion, this court does not need to address the Government's alternative arguments.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. For a certificate of appealability to be issued, Petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it

debatable whether this court correctly found that the Motion must be dismissed because the claims raised are not cognizable under § 2255.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) is dismissed because the relief he is seeking is not cognizable under § 2255.

(2) A certificate of appealability is DENIED.

(3) This case is terminated.

ENTERED this <u>31st</u> day of <u>January</u>, 2014.

s/MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE